Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK HERRMANN III,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., INNOVIS DATA SOLUTIONS, INC., and TRANS UNION LLC;<br><br>Defendants. | Case No.: 2:25-cv-02528<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, Frederick Herrmann III ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against U.S. Department of Education ("US DOE"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Innovis Data Solutions, Inc. ("Innovis"), and Trans Union LLC ("Trans Union") (collectively referred to as "Defendants"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual who resides in Clark County, Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. US DOE is an agency of the United States.

8. US DOE furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b) and 12 C.F.R. § 1022.41(c).

9. Equifax is a foreign limited-liability company doing business in the State of Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

13. Experian is a foreign corporation doing business in the State of Nevada.

14. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

15. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

16. Experian disburses said consumer reports to third parties under contract for monetary compensation.

17. Innovis is a foreign corporation doing business in the State of Nevada.

18. Innovis is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

19. Innovis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

20. Innovis disburses said consumer reports to third parties under contract for monetary compensation.

21. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

22. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

23. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

24. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

**FACTS**

25. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

26. On or about August 1979, Plaintiff obtained several federal student loans through the US DOE to secure financial assistance to attend college.

27. Sometime in 1984, Plaintiff graduated from college.

28. Plaintiff paid each student loan from the US DOE arising out of his college education in full, except for one totaling $2,500, which he was not aware of at the time.

29. Plaintiff never made a payment on this remaining loan, ending in 6789, since its inception in August 1979 (the "Account").

30. On or about March 2025, Plaintiff reviewed his Equifax, Experian, Innovis, and Trans Union consumer credit reports and learned that Defendants began reporting the Account with an approximate $5,477 "past due" balance, despite having no payments since August 1979.

31. Upon learning of the Account in March 2025, Plaintiff immediately disputed the Account in writing with Equifax, Experian, Innovis, and Trans Union.

32. Plaintiff enclosed with his disputes proof that the loans originated in August 1979 and had no payments since that time.

33. Despite receiving these disputes, Defendants failed to block and remove the Account from Plaintiff's credit reports within thirty (30) days of receipt.

34. Plaintiff then mailed two additional sets of disputes over the next 6 months to Defendants with the same proof.

35. Despite receiving the second and third round of disputes, Defendants failed to block and remove the Account from Plaintiff's credit reports within thirty (30) days of receipt.

36. Defendants failed to investigate or review the disputed information from Plaintiff with any other party.

37. Upon receipt of the disputes, the Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

38. Defendants failed to conduct a lawful investigation of the Account on Plaintiff's credit reports.

39. A simple investigation that included reviewing the loan origination date and payment details would have demonstrated to Defendants that the Account could not report to credit since the alleged derogatory information antedated the report by more than seven years. See 15 U.S.C. § 1681c (preventing the reporting of adverse information that antedates the report by more than seven years).

40. Having procedures with which to match payment details with loan origination dates would have prevented Defendants' false reporting in this case.

41. Defendants either have this simple procedure in their policies and did not follow it here, or failed to implement any reasonable procedures to match such information.

42. In failing to delete the Account, Defendants continue to report inaccurate information in violation of the FCRA.

43. In failing to delete the Account, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

44. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

45. As a direct and proximate result of Defendants' violations, Plaintiff has suffered loan denials.

46. As a direct and proximate result of Defendants' violations, Plaintiff was forced to delay consumer loans and accept less favorable loan terms.

47. As a direct and proximate result of Defendants' violations, the Account was disclosed and reported to multiple third parties, causing the disclosure of false and/or unlawful information about Plaintiff to others.

48. As a direct and proximate result of Defendants' violations, Plaintiff suffers from emotional distress and mental anguish.

49. As a direct and proximate result of Defendants' violations, Plaintiff suffered lost time spent disputing the inaccurate information on his credit profiles.

50. As a direct and proximate result of Defendant's violations, Plaintiff incurred unnecessary mailing expenses.

51. As a direct and proximate result of Defendants' violations, Plaintiff suffered a concrete informational injury and deprivation of his right to privacy and accuracy.

52. The acts and omissions herein of the individuals employed by Defendants, and the other individuals employed as agents of Defendants as further described herein, were committed within the time and space limits of their agency relationship with their principals, Defendants.

53. The acts and omissions by these individuals were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants.

54. By committing these acts and omissions against Plaintiff, these individuals were motivated to benefit their principals, Defendants.

55. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

///

**FIRST CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681e(b) against Equifax, Experian, Innovis, and Trans Union]**

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. Equifax, Experian, Innovis, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

58. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damages as described above.

59. Equifax, Experian, Innovis, and Trans Union's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

60. In the alternative, Equifax, Experian, Innovis, and Trans Union were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

61. As a direct and proximate result of the above-referenced violations by Equifax, Experian, Innovis, and Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

62. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, Innovis, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

63. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

64. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**SECOND CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681i against Equifax, Experian, Innovis, and Trans Union]**

65. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

66. Equifax, Experian, Innovis, and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

67. As a direct and proximate result of this conduct by Equifax, Experian, Innovis, and Trans Union, Plaintiff suffered, and continues to suffer, damages as described above.

68. Equifax, Experian, Innovis, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

69. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, Innovis, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681c against Equifax, Experian, Innovis, and Trans Union]**

70. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

71. Equifax, Experian, Innovis, and Trans Union violated 15 U.S.C. § 1681c by making consumer reports with adverse information regarding the Account, which antedates said reports by more than seven years.

72. As a direct and proximate result of this conduct by Equifax, Experian, Innovis, and Trans Union, Plaintiff suffered, and continues to suffer, damages as described above.

73. Equifax, Experian, Innovis, and Trans Union's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

74. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, Innovis, and Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

## FOURTH CLAIM FOR RELIEF

### [Violations of 15 U.S.C. § 1681s-2(b) against US DOE]

75. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

76. US DOE violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Equifax, Experian, Innovis, and Trans Union; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to the credit bureaus accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

77. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, the damages as referenced above.

78. US DOE's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

79. In the alternative, US DOE was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

80. As a direct and proximate result of US DOE's violations, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

81. Plaintiff is entitled to recover costs and attorneys' fees from US DOE in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

82. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff and not specified in this Complaint.

83. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

**PRAYER FOR RELIEF**

84. **WHEREFORE,** Plaintiff prays for relief as follows:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of punitive damages;
- For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
- For declaratory relief;
- An order requiring the Defendants to:
    a. immediately and permanently (i) delete all inaccurate information from Plaintiff's credit reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom the Defendants reported consumer credit information; and
    b. send updated and corrected credit report information to all persons and entities to whom the Defendants reported inaccurate information about Plaintiff
- For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

85. Plaintiff is entitled to and demands a trial by jury on all counts.

Dated: December 18, 2025

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***