TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

EDNIN D. MARTINEZ
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Ednin.Martinez@usdoj.gov

*Attorneys for the Federal Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Frederick Herrmann III, | Case No. 2:25-cv-02528-JCM-BNW |
| Plaintiff, | **Federal Defendant's UNOPPOSED Motion for Extension of Time to File Responsive Pleading** |
| v. | |
| U.S. Department of Education, *et al.*, | |
| Defendants. | |

Federal Defendant, the United States Department of Education, by and through undersigned counsel, move this Court for a 30-day extension of time, from June 9, 2026, up to and including **July 9, 2026**, in which to file a responsive pleading to Plaintiff Frederick Herrmann III's Complaint. Federal Defendant and Plaintiff have been exploring the possibility of settlement prior to filing a responsive pleading, and undersigned counsel needs additional time to coordinate with the agency.

On June 8, 2026, the parties conferred on a thirty-day extension. Plaintiff's counsel agreed to a thirty-day extension.

This is Federal Defendant's first request for an extension of time. This request is made in good faith and not for the purpose of any undue delay.

### Memorandum of Points and Authorities

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ.

P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned counsel is acting diligently by coordinating with the Department of Education. Because the parties are engaged in preliminary settlement discussions that may obviate the need for a responsive pleading, Federal Defendant has requested, and Plaintiff's counsel agrees to, a thirty-day extension to file a responsive pleading. Without such additional time, a proper response cannot be prepared, as thus far Federal Defendant has prioritized good faith settlement exploration. For these reasons, Federal Defendant respectfully request an additional thirty-day extension from June 9, 2026, to **July 9, 2026**, to file a responsive pleading.

If this unopposed motion for an extension of time is granted, the new deadline to file a responsive pleading will be **July 9, 2026**. Given Federal Defendant's diligence, and Plaintiffs' lack of opposition, good cause exists for the thirty-day extension. Federal Defendant, therefore, respectfully requests that the Court grant this motion.

Respectfully submitted June 9, 2026.

TODD BLANCHE
Acting U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Ednin D. Martinez*
EDNIN D. MARTINEZ
Assistant United States Attorney

The above unopposed motion is GRANTED. IT IS SO ORDERED.
DATED: June 10, 2026

_____
UNITED STATES MAGISTRATE JUDGE

2